IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDA MUFFLEY, ) | |
| ) | Case No. CV-05-466-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| GEM COUNTY, a Political ) | |
| Subdivision of the State of Idaho, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## INTRODUCTION

The Court has before it defendant Gem County's (1) motion to strike affidavit of Muffley, (2) motion to strike affidavit of Dr. McGuffey, (3) motion to strike the second affidavit of Rudy Hernandez, (4) motion for summary judgment, and (5) motion to vacate an evidentiary hearing, along with plaintiff Muffley's (6) motion to strike summary judgment motion. The Court took the motions under advisement after oral argument. For the reasons expressed below, the Court will deny the motions to strike the affidavits of Muffley and Dr. McGuffey, deny the motion for summary judgment, grant the motion to vacate the evidentiary hearing, and deem moot the motion to strike the summary judgment and the motion to strike

the second affidavit of Rudy Hernandez.

## ANALYSIS

**1.     Motion to Strike Muffley Affidavit**

Gem County seeks to strike Muffley's affidavit as a sham because it directly contradicts her deposition testimony by significantly expanding the scope of her back problems.  Muffley responds that her affidavit was merely an elaboration on her deposition testimony and therefore not a sham.

The Ninth Circuit has held that a court may disregard a "sham" affidavit that a party files to create an issue of fact by contradicting the party's prior deposition testimony. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.1991). In *Kennedy*, the Circuit held that "if a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." (quoting *Foster v. Arcata Assocs., Inc.*, 772 F.2d 1453, 1462 (9th Cir.1985)).

At the same time, however, other Circuits – cited with approval in *Kennedy* – have urged caution in applying this rule." *Kennedy*, 952 F.2d at 266.  *Kennedy*, and later cases, stressed the importance of ensuring that "the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony."

*See Messick v. Horizon Indus., Inc.*, 62 F.3d 1227, 1231 (9th Cir.1995). Moreover, "minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit." *Id.*

Gem County argues that while Muffley's deposition testimony only described a lifting limitation of 25 pounds, her affidavit significantly expanded on the scope of problems she suffered from. The deposition testimony on which Gem County relies is as follows:

Counsel: Okay, What types of activities does this back problem prevent you from doing?

Muffley: Well, lifting grandchildren is No. 1.

Counsel: Any others?

Muffley: Carrying full bags of groceries. Carrying bags of fertilizer or dog food or things that I used to do when I was younger.

Counsel: And these would be mostly heavy objects; is that accurate?

Muffley: 25 pounds or so.

Counsel: Okay. At the time you worked at Gem County, were you able to drive a car without assistance?

Muffley: Yes.

Counsel: Were you able to dress yourself without assistance?

**Memorandum Decision and Order – Page 3**

| | |
|---|---|
| Muffley: | Yes. |
| Counsel: | Were you able to cook for yourself without assistance? |
| Muffley: | Yes. |
| Counsel: | Were you able to perform ordinary housework without assistance? |
| Muffley: | Yes. |
| Counsel: | Aside from what you mentioned to me in this deposition, are there any other activities in your life that you're not able to do because of your back injury or your back problem? |
| Muffley: | Well, I can't rearrange furniture or lift grandchildren, anything that has to do with lifting something heavy, I cannot do. |
| Counsel: | Okay. |
| Muffley: | And twisting and bending. |

Gem County argues that in this deposition testimony, "Muffley plainly testified that she was only limited to lifting 'heavy' objects '25 pounds or so' . . . ." *See Gem County Brief* at p. 3. Relying on this deposition testimony, Gem County filed a motion for summary judgment. In response, Muffley filed her affidavit, providing much more detail on the activities she could not do, and changing substantially her weight limitation.

With regard to her off-limit activities, Muffley states in her affidavit that she

**Memorandum Decision and Order – Page 4**

can no longer (1) clean and vacuum the inside of her car, (2) lift or carry the vacuum she uses in her home, (3) clean her cupboards or refrigerator, (4) clean up branches or debris in her yard, (5) operate a self-propelled lawnmower, (6) assemble and move a step ladder, and (7) water house plants with anything but a very small container.  *See Muffley Affidavit* at pp. 4-6

In addition, she stated that her former physician, Dr. Barrie Smith advised her to avoid "those activities," referring to "lifting of more than a few pounds, twisting and bending."  *Id.* at p. 3.  Among other things, she states in her affidavit that she cannot lift or carry a laptop computer, and that using a 5.5 pound hedge trimmer for 5 minutes caused her debilitating back pain.  *Id*. at p. 5.

It is certainly clear that Muffley's affidavit significantly expands the scope of her problems beyond the 25 pound lifting limitation that Gem County argues was her deposition testimony.  If the deposition testimony is really so limited, there would be a stark contradiction between it and the affidavit.

However, Muffley's deposition testimony is not so clearly limited.  In another section of her deposition is the following exchange:

Counsel:   Can you tell me when you were recommended by both Dr. Doug Smith and Dr. Barrie Smith not to lift 10 to 15 pounds?

Muffley:   During their visits.  I don't know what the dates would be.

**Memorandum Decision and Order – Page 5**

. . . .

| | |
|---|---|
| Counsel: | During the time you were employed by Gem County, were you able to lift objects that weighed 25 pounds? |
| Muffley: | I – I didn't lift anything 10 to 15 pounds. I would imagine anything heavier than – I didn't lift anything that I considered to be heavy. |
| Counsel: | Okay. So would you consider 25 pounds to be heavy? |
| Muffley: | Yes. |
| Counsel: | Were you able to lift something that weighed 25 pounds while you were employed at Gem County? |
| Muffley: | No. |
| Counsel: | Were you able to lift something that weighed 15 pounds while you were employed at Gem County? |
| Muffley: | 15 or lighter – lighter than 15 is what I should say. |

. . . .

| | |
|---|---|
| Counsel: | When you worked at Gem County, was it your understanding, based on what you say your doctors told you, that you should not lift objects that were 15 pounds or heavier? |
| Muffley: | Yes. Right. |
| Counsel: | Was it your understanding that you should not lift objects that were 10 |

**Memorandum Decision and Order – Page 6**

pounds to 15 pounds?

Muffley: I was advised not to lift.

Counsel: But what about objects that were 10 to 15 pounds, based on what you say your doctors have told you?

Muffley: I wouldn't have lifted something that heavy.

Counsel: Would you have been able to lift something that weighed less than 10 pounds?

Muffley: I believe so. I'm not sure.

When all the deposition testimony is read together, it creates real confusion. In the section cited by Gem County, Muffley seems to limit the scope of her problems to a 25 pound lifting limitation. But in another section (quoted above), she says that (1) her doctors advised her not to lift 10 to 15 pounds, (2) she did not lift anything weighing 10 to 15 pounds, (3) she was able to lift only objects 15 pounds and lighter, and (4) she was able to lift objects less than 10 pounds.

Counsel did not clarify this confusion by asking Muffley to explain the discrepancies in her testimony. Thus, it is unclear what her deposition testimony stands for. And that makes it impossible to hold as a matter of law that her deposition testimony directly contradicts her affidavit.

The other concern the Court has with Gem County's argument is that

Muffley did testify in her deposition that she could not twist or bend. This phrase encompasses a broad category of activities. Gem County's counsel did not ask any follow-up questions at the deposition to probe what Muffley meant. The phrase could easily include cleaning the inside of a car, mowing a lawn, removing yard debris, and cleaning a refrigerator – all items Muffley mentioned in her affidavit. Here again, it is not so clear that there is a direct contradiction between deposition and affidavit.

For these reasons, the Court will deny Gem County's motion to strike Muffley's affidavit as a sham.

### 3.  Motion to Strike McGuffey Affidavit

Gem County seeks to strike the affidavit filed by Muffley's treating physician, Dr. McGuffey. In that affidavit, Dr. McGuffey testifies about (1) her treatment of Muffley for back pain, (2) Muffley's statements about her past back pain and experiences with former physicians, (3) her [Dr. McGuffey's] experience with other patients with similar problems and their lifting limitations, and (4) how it is common and appropriate in the medical profession for Muffley's former physicians to fail to note on her charts any lifting restrictions that they imposed on Muffley.

Gem County seeks to strike this affidavit because Dr. McGuffey is testifying

**Memorandum Decision and Order – Page 8**

as an expert but has never filed the expert report required by Rule 26.  The deadline for the filing of such reports is long-since passed.

The Advisory Committee Notes to the 1993 amendments to Rule 26 state that "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report" on the ground that she is not "retained or specially employed to provide such testimony in the case."  The Notes explain that Rule 26 is inapplicable to the "expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit.  Such an expert would be treated as an ordinary witness."

Distilled to its essence, Rule 26 asks whether "the patient saw the physician for treatment or for testimony." *Zanowic v. Aschroft*, 2002 WL 373229 at *2 (S.D.N.Y. Mar. 8, 2002).  A treating physician may testify – without triggering Rule 26 – regarding diagnosis, treatment, causation, and prognosis[1] so long as that testimony is "related to the care and treatment of the patient." *Lamere v. New York State Office for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. 2004).

Two categories of this testimony require close scrutiny, one prospective, the

---

[1] The Ninth Circuit has not so held in a published case, but has so held in an unpublished case that this Court is precluded from citing by Ninth Circuit Rules.

**Memorandum Decision and Order – Page 9**

other retrospective.  The treating physician's testimony will often reach back in time to examine causation, and may also reach forward to provide a prognosis.  The party tendering the testimony must show how the physician's testimony of causation and prognosis relates to treatment.  *See generally Kirkham v. Societe Air France*, 236 F.R.D. 9, at *13 (D.C.D.C. April 13, 2006) (requiring proffering party to reveal, among things, who paid physician, who referred the patient, and when the treatment took place in relation to the filing of the litigation).

With these standards in mind, the Court examines whether Muffley saw Dr. McGuffey for treatment or for testimony.  Muffley did not visit Dr. McGuffey for the first time until sometime late in October of 2006, nearly a year after this suit was filed on November 14, 2005.

Moreover, Muffley knew when she visited Dr. McGuffey that to establish a disability, she needed to suffer from more than just an inability to lift heavy objects.  About a year earlier, in August of 2005, the Idaho Human Rights Commission rejected Muffley's claim that she was disabled because "she cannot lift heavy things . . . ."  *See IHRC Report* at p. 2.

Raising a suspicion that Muffley went to Dr. McGuffey to establish a stronger litigation position is a series of e-mails between Muffley's counsel (Julie Klein Fischer) and Gem County's counsel (Kirt Naylor).  These e-mails include

**Memorandum Decision and Order – Page 10**

statements from Fischer that she had (1) "been communicating with Muffley's doctor regarding Ms. Muffley's lifting abilities," (2) "spent some time with [Muffley's] physician," and (3) concluded on the basis of these visits that she "will be able to prove that [Muffley] was restricted from any lifting . . . ." *See Naylor Affidavit* at ¶ 2, p. 2.

These facts, unrebutted, shout "testimony" rather than "treatment." Tugging in the opposite direction, however, is the fact that Muffley had been attending Dr. McGuffey's clinic for years prior to the lawsuit, for treatment of back pain by a different physician, Dr. Barrie Smith. Dr. Smith had conducted an MRI on Muffley in 2002 – about 3 years prior to the lawsuit – showing that Muffley had a disk herniation at L-4,5. Prior to her most recent visit to Dr. McGuffey in October of 2006, Muffley had not been at the clinic since 2002. In the interim, Dr. Smith had retired (in 2004). Thus, when Muffley returned to the clinic in 2006, she had to choose another clinic physician if she wanted to stay with that clinic.

In that light, Muffley's visit to Dr. McGuffey cannot so easily be regarded as trolling for expert testimony. Moreover, the Court cannot ignore the testimony of Muffley and Dr. McGuffey that Muffley saw Dr. McGuffey for treatment. Dr. McGuffey's letter and affidavit state that Muffley visited her for treatment of mid-lumbar back pain, consistent with the earlier-taken MRI. Given these assertions,

**Memorandum Decision and Order – Page 11**

the Court cannot find – *as a matter of law* – that Muffley sought out Dr. McGuffey for testimony as opposed to treatment.

Gem County asserts, however, that some of Dr. McGuffey's testimony goes beyond that necessarily related to treatment.  Specifically, Gem County singles out her testimony (1) regarding what patients with symptoms similar to Muffley's can lift, and (2) that the failure of Muffley's prior physicians to note lifting restrictions on her chart was a common practice.

With regard to the first point, Dr. McGuffey testified that the lifting restrictions imposed by Muffley's past physicians were "standard recommendations, which I would give to my patients afflicted with a back condition similar to Ms. Muffley."  *See McGuffey Affidavit* at ¶ 10, p. 4.  She also testifies about various limitations suffered by "Muffley and others suffering from her back condition."  *Id*. at ¶ 11, p. 4.

It is not entirely clear from the affidavit whether Dr. McGuffey is trying to reach back in time by using her experience with other patients to recreate Muffley's limitations as of 2003 (when she was fired), or was merely describing Muffley's limitations as they existed at the time of the examination in late 2006.  The latter is not expert testimony; the former is.  Recreating a patient's medical condition three years ago entirely from the accounts of others, with no first-hand

**Memorandum Decision and Order – Page 12**

knowledge, requires scientific expertise and hence constitutes an expert opinion that must be backed by a Rule 26 report.

Accordingly, the Court will interpret the somewhat ambiguous affidavit in a properly limited manner. Thus, Dr. McGuffy is testifying that she reached the conclusion during treatment, that Muffley, like others with Muffley's limitations as of 2006, "should avoid lifting anything weighing more than two or three pounds at any time . . . ." *Id.* at ¶ 11, p. 4. That is as far as Dr. McGuffey can go – she cannot use her experience with other patients to recreate Muffley's condition in 2003.

This analysis raises another question: Because Dr. McGuffey's testimony addresses limitations in 2006, not 2003, is it relevant? It may be when read in conjunction with Muffley's own affidavit, which the Court refused to strike in the discussion above. In that affidavit, Muffley recounts her past limitations. This at least creates an issue of fact as to whether Muffley's limitations in 2003 were the same she suffers from in 2006.

With regard to the testimony on chart notes, Dr. McGuffey testified that "[t]he absence of notes [concerning lifting limits imposed by past physicians] . . . is not unusual, however, because such recommendations often are not noted in a patient's charts . . . ." *See McGuffey Affidavit* at ¶ 10, p. 4. It is unclear whether

**Memorandum Decision and Order – Page 13**

Dr. McGuffey offers this testimony to establish standard physician practices, or merely to explain why she believed Muffley despite the lack of any chart notes. The latter is not expert testimony, the former is.

Once again, the Court will interpret the somewhat ambiguous affidavit in a properly limited manner.  At most, Dr. McGuffey is explaining why she believed Muffley's account that her prior physicians imposed a weight limitation on her despite the absence of any supporting chart notes.  That is as far as Dr. McGuffey can go – she cannot testify as an expert concerning standard physician practices unrelated to the specific treatment of Muffley.

Gem County complains that Dr. McGuffey's letter of November 17, 2006, failed to reveal that Dr. McGuffey would cover these two topics (similar patients and notation practices).  While that is true, Gem County identifies no duty on the part of Dr. McGuffey or Muffley to provide such detailed statements of expected testimony at this point in the litigation.  The Court has held that Dr. McGuffey was not required to file an expert report, and Gem County does not allege that Muffley failed to answer a discovery request for this information.

Gem County argues next that Dr. McGuffey's testimony regarding statements made by Muffley of her past treatments – and statements of Muffley regarding what her prior physicians had told her – are inadmissible hearsay.

**Memorandum Decision and Order – Page 14**

However, there is an exception under Rule 803(4) for testimony of "past . . . symptoms . . . insofar as reasonably pertinent to diagnosis or treatment."

Dr. McGuffey does not expressly state that she needed to know Muffley's history of back problems prior to 2006 to treat her back pain in 2006. However, it is clear from her affidavit and attached letter that she was treating Muffley for back pain, and learned of Muffley's history in that treatment session. For Dr. McGuffey to render treatment, it seems axiomatic that she would need to know Muffley's history of back problems. Thus, the affidavit testimony appears to fall within the exception to the hearsay rule contained in Rule 803(4).[2]

For all these reasons, the Court will deny Muffley's motion to strike Dr. McGuffey's affidavit.

## 4. Motion for Summary Judgment

The affidavit of Muffley, in combination with the affidavit of Dr. McGuffey as interpreted by the Court above, clearly create issues of fact that preclude summary judgment. The Court will therefore deny this motion.

## 5. Motion to Vacate Hearing

---

[2] While the matter is not before the Court now, Gem County may be entitled to a limiting instruction if Dr. McGuffey so testifies at trial. The Court would instruct the jury that Dr. McGuffey's testimony about Muffley's back history is not admitted for its truth (that Muffley actually suffered such pain or limitations) but is admitted simply to show the factors that Dr. McGuffey relied on in her treatment and diagnosis of Muffley.

**Memorandum Decision and Order – Page 15**

Given the ruling above, the Court finds no need for the evidentiary hearing requested by Muffley on the sham affidavit issue. The Court will therefore grant Gem County's motion to vacate that hearing.

### 6. Motions to Strike Summary Judgment Motion and Hernandez Affidavit

Given the rulings above, these motions are moot. The Court did not rely on the Hernandez affidavit in any way.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to strike affidavits of Muffley and Dr. McGuffey (Docket Nos. 35 and 36) are DENIED.

IT IS FURTHER ORDERED, that the motion for summary judgment (Docket No. 28) is DENIED.

IT IS FURTHER ORDERED, that the motion to strike summary judgment and the motion to strike affidavit of Hernandez (Docket Nos. 32 and 47) are DEEMED MOOT.

IT IS FURTHER ORDERED, that the motion to vacate the evidentiary hearing (Docket No. 55) is GRANTED.

DATED: **July 17, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 17**