IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDA MUFFLEY, ) | |
| ) | Case No. CV-05-466-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| v. ) | **DECISION AND ORDER** |
| ) | |
| GEM COUNTY, a Political Subdivision ) | |
| of the State of Idaho, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Gem County's motion to clarify, pointing out that the Court's earlier decision finding questions of fact on Muffley's ADA claim failed to consider Gem County's claim seeking summary judgment on Muffley's emotional distress claims.  Gem County's motion did seek summary judgment on these claims, and the issues were fully briefed and argued by the parties.  The Court's decision, however, did not resolve these issues, and accordingly, the Court must now determine whether summary judgment should be granted on these two claims. For the reasons expressed below, the Court will grant Gem County's motion for summary judgment on Muffley's claims for negligent and intentional infliction of emotional distress.

**Memorandum Decision and Order – Page 1**

## ANALYSIS

**1.     Summary Judgment Standard of Review**

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor.  *Id.* at 256-57.  The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists.  *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).  Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

2. **Negligent Infliction of Emotional Distress**

In an identical case, this Court held that the Idaho Worker's Compensation

**Memorandum Decision and Order – Page 3**

Act provides the exclusive remedy for the negligent infliction of emotional distress is a wrongful discharge case under the ADA. *Ward v. Sorrento Lactalis, Inc*, 392 F.Supp.2d 1187 (D.Idaho 2005). That holding applies here and warrants summary judgment on this claim.

### 3.   Intentional Infliction of Emotional Distress

Muffley's claim for intentional infliction of emotional distress (IIED) requires no physical injury, but does require, among other things, a showing that Gem County's conduct was (1) intentional or reckless, and (2) extreme and outrageous. *See McKinley v. Guaranty Nat. Ins. Co.,* 159 P.3d 884, 891 (Id.Sup.Ct. 2007). There are clear questions of fact on the former, and so the Court will focus on the latter.

Conduct is "extreme and outrageous" when it rises "to the level of 'atrocious' and 'beyond all possible bounds of decency' that would cause an average member of the community to believe it was 'outrageous.'" *Id*. Whether a defendant's conduct is so extreme and outrageous as to permit recovery is a matter of law. *See Nation v. State, Dept. of Correction,* 158 P.3d 953, 968 (Id.Sup.Ct. 2007). This Court may properly grant summary judgment "when the facts allege conduct of the defendant that could not reasonably be regarded as so extreme and outrageous as to permit recovery for intentional or reckless infliction of emotional

**Memorandum Decision and Order – Page 4**

distress." *McKinley*, 159 P.3d at 891.

Muffley's claim is simple: Gem County fired her because her weak back precluded her from lifting many items in the workplace. This claim does not describe "atrocious" conduct that is "beyond all possible bounds of decency." Muffley's affidavit along with other material in the record provide more details about the extent of her back disability, but nothing that could be interpreted by a reasonable juror as constituting "atrocious" conduct on the part of Gem County.

Even if Muffley prevails on her ADA claim, that fact alone would not automatically establish "atrocious" conduct, as this Court has previously held. *See Ward,* 392 F.Supp.2d at 1195. In response to Gem County's motion for summary judgment, Muffley has not come forward with evidence of atrocious conduct. Accordingly, Gem County's motion for summary judgment on the IIED claim must be granted.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to clarify (Docket No. 62) is GRANTED, and the claims for negligent and intentional

infliction of emotional distress are hereby DISMISSED.



DATED: **January 8, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 6**